**IN THE UNITED STATES DISTRICT COURT,**
**NORTHERN DISTRICT OF OHIO,**
**WESTERN DIVISION**

United States of America,

        Plaintiff,

            v.

Roy Jackson, Jr.,

        Defendant.

Case No. 3:19-cr-0294-18

Judge James G. Carr

**ORDER**

Pending is the Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 1089). In accordance with this Court's Order, after filing the Motion *pro se,* the matter was referred to the Federal Public Defender's Office (FPD) for review. N.D. Ohio General Order 2023-20, ¶I (11/23/2023). Under this Order, the FPD has the right to file a supplemental motion in support of a *pro se* defendant's request. *Id.* ¶V. The FPD filed a Notice of No Intent to Supplement. (Doc. 1101). The Government has filed its Response in Opposition (Doc. 1107).

**Background**

On August 19, 2021, the Defendant entered a Plea of Guilty to one Count of Conspiracy. (Doc. 828). Defendant was part of a 31-member Drug Trafficking Organization (DTO) led by Pedro Negrin.

After various adjustments, Defendant's Total Offense Level was calculated to be a 30. (Doc. 904, pgID 7228). His criminal history score was nine, placing him in a Criminal History Category IV. (*Id.* at 7235.) The resulting Guideline Range was 135 to 168 months. (*Id.* at 7242).

Sentencing was held on January 18 (vacated), 25 (continued) and 28, 2022. I sentenced Defendant to the lowest end of the range - 135 months - for his role in the DTO. (Doc. 919).

1

**Discussion**

Amendment 821 authorizes resentencing of a previously sentenced defendant where: 1) at time of sentencing he received two "status points" in calculating the criminal history category; and 2) eliminating one (or both) of the status points would result in a lower category. Amendment 821 to U.S.S.G. (Nov. 1, 2023), amending § 4A1.1(e).

In Part A, the Sentencing Commission altered the "status points" provision by striking § 4A1.1 subsection (d); redesignating subsection (e) as (d); and rewriting § 4A1.1(e), which now states: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d)[1], and (2) committed the offense while under any criminal justice sentence, including probation…." https://www.ussc.gov/guidelines/amendment/821. Consequently, those who present with six points or less now receive zero status points.

"[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if  (i) none of the amendments listed in subsection (d) is applicable to the defendant; or (ii) an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range. . . ." U.S.S.G. § 1B1.10, App. Note 1(A).

In this case, Defendant received two status points because he committed the offense while under a state sentence of four years' probation for possession of heroin. (Doc. 904, pgID 7232, 7235). Defendant received seven points for prior convictions under § 4A1.1(a)-(d). (*Id.* at 7235). Therefore, under Amendment 821, he now receives one status point, not two. This would

---

[1] Subsection (a) requires addition of three points for prior sentences exceeding 13 months. Subsection (b) requires addition of two points for prior sentences of sixty days to thirteen months. Subsection (c) requires addition of one point for each sentence not yet counted (four points max). Subsection (d) requires addition of one point for each sentence not previously counted resulting from conviction of a crime of violence (three points max). U.S.S.G. § 4A1.1.

result in eight total criminal history points, instead of nine. However, his Criminal History

Category remains a IV. Therefore, his Guideline Range does not change.

Because application of Amendment 821 does not result in a reduced Criminal History

Category, the Defendant is not eligible for resentencing. Therefore, I deny Defendant's Motion.

It is, accordingly, hereby

ORDERED THAT:

The Defendant's Motion to Reduce Sentence (Doc. 1089) be, and the same hereby, is **DENIED.**

So ordered.
Date: 10/23/2024

<u>/s/ James G. Carr</u>
Sr.. U.S. District Judge